UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT PEACHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-03044-JRS-MJD |
| | ) |
| PAUL TALBOT M.D., | ) |
| MICHELLE LAFLOWER, | ) |
| J. ERNEST, | ) |
| MICHAEL CONYERS, | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion for Judgment on the Pleadings and
Denying Motion to Transfer of Judicial Officers**

**I.   Motion for Judgment on the Pleadings**

On October 2, 2018, plaintiff Robert Peacher filed a complaint alleging that he suffers from nerve neuropathy in his face that causes extreme pain and migraines if he does not keep his face shaved. However, his nerve neuropathy is exacerbated if he attempts to shave using a disposable or straight razor on his face or attempts to apply depilatory cream. He has had this condition for many years and was treated with medications and permitted to use an electric trimmer on his face to manage the nerve disease. He further explains that an outside specialist, a dermatologist at the Indiana University Hospital, along with his former primary doctor, ordered him to use an electric trimmer on his face each day. Mr. Peacher alleged that Dr. Talbot has refused to renew the medical order permitting him to shave with his electric trimmers each day and refused to prescribe pain medication in the alternative. Dr. Talbot changed Mr. Peacher's medical order to have the barbers at the barbershop shave him once per week, but the weekly shaving did not happen weekly, nor did the weekly shaving alleviate his pain and suffering. Mr. Peacher sought help from Lieutenant

Jason Ernest, who had the authority to help him get his medically ordered barbershop shave, but Lieutenant Ernest apparently refused to help.

Mr. Ernest has now filed a motion for judgment on the pleadings arguing that Mr. Peacher's claim against him is barred by *res judicata* based on the Court's resolution in 2014 of Mr. Peacher's lawsuit against Superintendents Alan Finnan and Keith Butts in *Peacher v. Finnan et al.*, 1:11-cv-00601-SEB-DKL ("*Peacher I*"). Dkt. 62. Mr. Peacher filed two responses in opposition. Dkts. 65, 70. Mr. Ernest filed a reply. Dkt. 77. Mr. Peacher filed a surreply. Dkt. 83.

### A. Standard

After the pleadings are closed but early enough not to delay trial, a defendant may move for judgment on the pleadings for reason that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). "[A] motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). "To survive a Rule 12(b)(6) motion, the complaint must 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "accept the allegations in the complaint as true unless they are 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). A reviewing court draws all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014).

### B. *Peacher I* Background

On May 5, 2011, Mr. Peacher filed a complaint in this Court alleging that Superintendent Alan Finnan was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *Peacher I*, dkt. 1. In his amended complaint, filed June 14, 2011, Mr. Peacher alleged

that former Superintendent Alan Finnan and Superintendent Keith Butts were deliberately indifferent to his serious medical needs by failing to provide him an electric razor to treat his facial pain. *Id.*, dkt. 13-1. He also brought a retaliation claim against Mr. Finnan. *Id.* On September 30, 2014, the Court granted the defendants' motion for summary judgment because Mr. Peacher failed to identify a genuine issue of material fact as to his claims. *Id.*, dkt. 150.

C.     **Discussion**

Mr. Ernest argues that Mr. Peacher's claim against him is barred by *res judicata* because Mr. Peacher already litigated the issue of his inability to get an electric razor and cannot sue a new set of prison employees about the same claim.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and *res judicata*, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction…cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Montana v. United States*, 440 U.S. 147, 153 (1979). The three requirements for *res judicata* under federal law are: "(1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits" in the first lawsuit. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (internal quotation omitted). If any one of these three requirements are not met, then *res judicata* is inapplicable.

To allow the application of *res judicata*, there must exist an "identity of the causes of action." *Bell*, 827 F.3d at 706. "[T]he test for an identity of the causes of action is whether the claims arise out of the same set of operative facts or the same transaction." *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 333 (7th Cir. 2018) (internal quotation omitted). Stated another way, "two claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Barr v. Bd. of Trs.*, 796 F.3d 837, 840 (7th Cir. 2015) (citing *Herrmann v.*

3

*Cencom Cable Assocs.*, 999 F.2d 223, 226 (7th Cir. 1993)). "*Res judicata* bars any claims that were litigated or *could have been* litigated in a previous action." *Kilburn-Winnie,* 891 F.3d at 333 (internal quotation omitted).

In *Peacher I*, Mr. Peacher alleged that the two Superintendents failed to provide him an electric shaver for his facial pain. In this action, Mr. Peacher has realleged that he is not being provided with an electric shaver. That claim is directed to Dr. Talbot and Michelle LaFlower. His claim against Mr. Ernest and Michael Conyers in this action is that Dr. Talbot issued an order for Mr. Peacher to get regular shaves at the barbershop, but the defendants have failed to ensure that he gets his regular shaves pursuant to Dr. Talbot's medical order. Although not explicitly stated, it is likely that Dr. Talbot's change in medical order occurred after 2014. Thus, Mr. Peacher's claim in this action is not the same as his prior claim nor could his current claim have been litigated in a previous action. Thus, the Court finds that the first requirement for *res judicata* has not been met.

Because the Court finds that there is no identity of the causes of action, the Court does not need to analyze the other two requirements for *res judicata*. Mr. Ernest's motion for judgment on the pleading, dkt. [61], is **denied**.

## II. Motion to Transfer of Judicial Officers

Mr. Ernest argues that this lawsuit should be transferred to Senior Judge Sarah Evans Barker because this lawsuit is materially the same as *Peacher I* and pursuant to L.R. 40-1(d)(2) and (e). S.D. Ind. L.R. 40-1(d)(2) states that a party "must file a notice of related action: (2) as soon as it appears that the party's case and ***another pending case***: (A) arise out of the same transaction or occurrence." *Peacher I* is not a pending case. Moreover, the two cases do not arise out of the same "transaction or occurrence." Thus, it is unnecessary for the Court to exercise its

4

discretion under S.D. Ind. L.R. 40-1(e) to transfer the case. Mr. Ernest's motion to transfer judicial officer, dkt. [58], is **denied**.

**IT IS SO ORDERED.**

Date: 1/28/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT PEACHER
DOC # 881627
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL
Benjamin.Ellis@atg.in.gov

Jarod Zimmerman
KATZ KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com