UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT PEACHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03044-JRS-MJD |
| ) | |
| PAUL TALBOT M.D., ) | |
| MICHELLE LAFLOWER, ) | |
| J. ERNEST, ) | |
| MICHAEL CONYERS, ) | |
| ) | |
| Defendants. ) | |

**Order Denying Motion to Compel**

Plaintiff Robert Peacher filed a motion to compel regarding four categories of discovery. First, Mr. Peacher alleged that the defendants J. Ernest and Michael Conyers ("state defendants") had failed to provide him discovery in compliance with the Court's February 11, 2019, Order Regarding Certain Pending Motions (dkt. 125). ("First Request") Dkt. 140 at 1-2. Second, Mr. Peacher argues that defendants Michelle LaFlower and Dr. Paul Talbot ("medical defendants") filed deficient responses to Preacher's second set of interrogatories. ("Second Request") Dkt. 140 at 2. Third, Mr. Peacher requests that the Court compel the state defendants to provide him with the last known address for four former staff members. ("Third Request") Dkt. 140 at 2-4. Fourth, Mr. Peacher requests that the Court compel the medical defendants to provide him with the last known address for four former staff members. ("Fourth Request") Dkt. 140 at 4-6.

In view of the Court's May 14, 2019, Order Granting in Part and Denying in Part Medical Defendants' Motion for Protective Order, dkt. 147, Mr. Peacher's Third and Fourth Requests are **denied as moot**. The Court has already addressed Mr. Peacher's concerns about his ability to request discovery from nonparties.

As to Mr. Peacher's First Request, the state defendants have represented that they experienced delays in receiving and processing the relevant documents for Mr. Peacher's request, but have mailed them to Mr. Peacher as of April 12, 2019. Mr. Peacher filed a reply on April 17, 2019, asserting that he had not yet received the documents. However, Mr. Peacher has not filed a supplemental reply stating that he did not receive the documents, and over a month has elapsed since the state defendants have mailed the documents to Mr. Peacher. Accordingly, Mr. Peacher's First Request is **denied without prejudice**.

As to Mr. Peacher's Second Request, Mr. Peacher request that the Court compel Ms. LaFlower to supplement her response to Interrogatory No. 4 and compel Dr. Talbot to supplement his response to Interrogatories No. 3 and 4. Dkt. 140 at 2.

Federal Rule of Civil Procedure 26(b)(1) provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The scope of discovery is broad, but each request must be relevant to a party's claim or defense and be proportional to the needs of the case. Each of Mr. Peacher's requests is discussed below:

- **<u>Interrogatory No. 4 to Ms. LaFlower</u>**: Interrogatory No. 4 requests that Ms. LaFlower "list how many complaints she has received or been notified regarding Defendant Talbot not providing proper medical care. Please state, in general, what the complaints were and what she did in regard to those complaints." Dkt. 140-1 at 2. Ms. LaFlower objected to the interrogatory as overbroad and unclear. Mr. Peacher argues that he did not provide a timeframe because he

2

wanted to know about any complaints Ms. LaFlower received regarding Dr. Talbot not providing proper medical care. Dkt. 98 at 1. He asserts this information is relevant as to what her normal practice was with handling complaints similar to his own complaints and relevant to how Dr. Talbot failed to provide medical care. *Id.* at 2. Ms. LaFlower argues that Mr. Peacher has admitted that his interrogatory was overbroad and that he has fail to show the relevance where he seeks propensity-type evidence, which is specifically prohibited under the Federal Rules of Evidence. Dkt. 110 at 3.

The claims in this case are that Dr. Talbot and Michelle LaFlower were deliberately indifferent to his need to be provided with an electric shaver. *See* dkt. 95. A complete list of all complaints Ms. LaFlower received regarding Dr. Talbot not providing proper medical care is not necessary to show whether Dr. Talbot and Ms. LaFlower were specifically deliberate to Mr. Peacher's need for an electric shaver. This is because for Mr. Peacher to prevail on an Eighth Amendment deliberate indifference medical claim, he must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Evidence regarding how Ms. LaFlower handled complaints from other inmates regarding medical care from Dr. Talbot would not be relevant to how Ms. LaFlower handled the specific complaint about electric shavers for Mr. Peacher.

Accordingly, Mr. Peacher's request as to Interrogatory No. 4 to Ms. LaFlower is **denied**.

- **Interrogatory Nos. 3 and 4 to Dr. Talbot**: Interrogatory No. 3 requests that Dr. Talbot "list how many complaints he has received for not providing proper medical care." Dkt. 140-1 at 3. Dr. Talbot objected to the interrogatory as overbroad, unclear, and calling for

3

confidential medical information regarding other inmates. Interrogatory No. 4 requests that Dr. Talbot "state whether or not you have been the defendant in a case regarding failure to provide medical care. If so, please provide the case names and cause numbers." Dkt. 140-1 at 3. Dr. Talbot objected to the interrogatory as overbroad and responded that "he has been a named defendant in other lawsuits regarding medical care."

Mr. Peacher argues that he did not provide a timeframe because he wanted to know about all complaints and lawsuits Dr. Talbot received about improper medical care. Dkt. 99 at 1. He asserts this information is relevant to show that this is a normal pattern for Dr. Talbot and not a mistake or isolated incident. *Id.* at 1-2. He argues it will show Dr. Talbot's continued deliberate indifference. Dr. Talbot argues that Mr. Peacher has admitted that his interrogatories were overbroad and that he has failed to show the relevance where he seeks propensity-type evidence, which is specifically prohibited under the Federal Rules of Evidence. Dkt. 111 at 3.

As with the interrogatory to Ms. LaFlower, the Court agrees that a complete list of all complaints or lawsuits received by Dr. Talbot for not providing proper medical care is not necessary to show whether Dr. Talbot was specifically deliberate to Mr. Peacher's need for an electric shaver. Evidence regarding complaints or lawsuits regarding medical care from Dr. Talbot would not be relevant to the specific complaint about Dr. Talbot's specific failure to provide electric shavers for Mr. Peacher. Mr. Peacher's request as to Interrogatory Nos. 3 and 4 to Dr. Talbot is **denied**.

Accordingly, Mr. Peacher's motion to compel, dkt. [140], is **denied**.

**IT IS SO ORDERED.**

Date: 5/16/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

ROBERT PEACHER
DOC # 881627
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL
Benjamin.Ellis@atg.in.gov

Jarod Zimmerman
KATZ  KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com