UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT PEACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03044-JRS-MJD |
| | ) | |
| PAUL TALBOT M.D., | ) | |
| MICHELLE LAFLOWER, | ) | |
| J. ERNEST, | ) | |
| MICHAEL CONYERS, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION FOR SANCTIONS, DISMISSING ACTION, AND
DIRECTING ENTRY OF FINAL JUDGMENT**

In this action, plaintiff prisoner Robert Peacher alleges in his amended complaint that he suffers from nerve neuropathy in his face. This causes extreme pain if he does not keep his face shaved. Dkt. 86. He alleges that his neuropathy is exacerbated if he does not use an electric shaver instead of a disposable or straight razor. He contends that Dr. Talbot refused to renew a medical order permitting him to shave with his electric trimmers each day and refused to prescribe pain medication in the alternative. Mr. Peacher further alleges that he sought help from Michelle LaFlower, Health Services Administrator at Pendleton Correctional Facility, Lieutenant Jason Ernest, and Michael Conyers, supervisor of the barbershop at Pendleton, but none of them provided relief.

This matter comes before the Court on the defendants' motion for sanctions against Mr. Peacher, seeking relief pursuant to Rule 11 of the Federal Rules of Civil Procedure. Dkts. 233, 236. Mr. Peacher, with assistance from recruited counsel, opposes the motion, dkt. 235, and the defendants have replied, dkt. 239.

1

Mr. Peacher is a frequent litigator in this Court. He reports that he has a college degree. He often assists other inmates with litigation. Nonetheless, the Court recruited counsel to assist him in this case for purposes of settlement and beyond. Dkt. 199. Settlement efforts failed, but recruited counsel stayed on the case.

During Mr. Peacher's deposition on December 11, 2019, he provided to defense counsel a memo dated August 1, 2018, purportedly signed by Dr. Talbot (the Memo). Dkt. 234-4 at 3. Mr. Peacher testified that, "I was given or I received a copy of a medical memo where Dr. Talbot deliberately chastised them for going and renewing my medical order and said if they do it again, there would be some type of problem or something like that." Dkt. 234-2 at 6. After the deposition, the defendants served an interrogatory asking about the Memo. Mr. Peacher stated that "it was obtained from the trash." Dkt. 234-3 at 3. He did not recall the exact date, but it was in approximately September of 2019. *Id*. Mr. Peacher also stated that a nurse whose name he did not recall gave him a "tip" to "search the trash for documents." *Id*.

This document had not been located by, nor produced to defendants prior to the deposition. The Memo was addressed to Carrie Stephens, DON, and cc:d to co-defendant Michelle LaFlower, HSA. Dkt. 234-4. The contents of the Memo support the merits of Mr. Peacher's deliberate indifference claims, by stating:

> I instructed Nurse Myers not to renew Offender Robert Peacher's, DOC# 881627, medical order, but it was renewed for a year with your signature. This is not to happen again by anyone. Offender Peacher will have to deal with his pain on his own.
>
> Thank you for your cooperation.
>
> Dr. Paul Talbot, MD

*Id*.

Dr. Talbot has testified that the signature on the Memo is not his. Dkt. 234-4 at 2. The signature does not match his. Moreover, he never signs his name as Dr. Talbot, MD, as that is redundant. *Id.* He does not recall ever writing any "Memo" while at Pendleton. He does not believe Wexford has stationary that looks like the Memo and if it did, Dr. Talbot does not know where to find it. *Id.* Further, he has never said that a patient can "deal with his pain on his own." *Id.* Neither Ms. Stephens nor Ms. LaFlower have any memory of receiving this or any other Memo from Dr. Talbot. Dkt. 234-5; dkt. 234-6. Dr. Talbot communicated via email or in person. *Id.*

In response to the motion for sanctions, recruited counsel discussed with Mr. Peacher the motion and the penalties of perjury. Dkt. 235. Mr. Peacher told counsel and signed an affidavit stating that he did not forge the Memo. He states he does not have direct access to a scanner or a copy machine. He stands behind his deposition testimony. Dkt. 235-1.

As noted, Mr. Peacher testified that he found the August 2018 Memo in the trash in September 2019. The Court finds it wholly implausible that an unidentified nurse told Mr. Peacher to search the trash for documents and he then happened to find a Memo that relates to this case a year after it was allegedly written. The Memo had never been produced or seen by the defendants before Mr. Peacher's deposition and Mr. Peacher possessed the document for three months without supplementing his disclosures or discovery responses. The Court believes Dr. Talbot's testimony that he did not write or sign the Memo. The Court notes further that in support of his motion for summary judgment against the State Defendants, Mr. Peacher submitted medical records dated February 25, 2019, and June 6, 2019, which reflect that Dr. Talbot ordered a barber shave for Mr. Peacher, three times a week, effective February 25, 2019, through June 6, 2020. Dkt. 175-1 at 4-5. These medical records directly conflict with the purported Memo and support a finding that Dr. Talbot was attempting to ease the discomfort Mr. Peacher allegedly experienced.

3

The evidence submitted by Dr. Talbot and Ms. LaFlower leads to only one plausible conclusion. Mr. Peacher forged a "Memo" allegedly signed by Dr. Talbot. Dkt. 234-4.

"A district court has inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (internal quotation omitted). "These powers, which are essential to a court's ability to preserve the integrity of its proceedings, are symmetrical. They apply to default judgments against defendants as well as to dismissals against plaintiffs." *Id*.  In *Secrease*, the Seventh Circuit Court of Appeals affirmed Judge Jane E. Magnus-Stinson's dismissal of the plaintiff's case as a sanction because the district court reasonably concluded that the plaintiff "had tried, willfully and in bad faith, to deceive the court and then, when questioned about it, gave dishonest and implausible explanations." *Id*. "[F]alsifying evidence to secure a court victory undermines the most basic foundations of our judicial system." *Id*. at 402. In this case, the plaintiff has also attempted to deceive the Court, and when questioned gave an implausible explanation.

In their motion to join the motion for sanctions, the State Defendants have presented another document allegedly forged by Mr. Peacher, for which he is facing a disciplinary charge of counterfeiting. Dkt. 236-1 at 3. The document allegedly signed by C. Cooke relates to Mr. Peacher's visitation rights. It is on letterhead from the Indiana Department of Correction office on 302 W. Washington Street. Ms. Cooke testified in an affidavit that she has never worked at that office, she never signs her name "C. Cooke," and any change in visitation is done on a particular form with other officials' signatures, never with hers alone. *Id.* at 2. C. Cooke did not draft or sign the document. *Id*. at 1. While the Court need not determine for purposes of this motion whether Mr. Peacher has, in fact, made forging documents a routine activity, at a minimum, this testimony

and document render Mr. Peacher's assertions that he does not have access to a copy machine or other ability to create such documents not credible. Dkt. 235-1 at 2.

This Court does not have the time or resources to tolerate the blatant judicial abuse demonstrated by Mr. Peacher in this case. It is well-documented that this Court is among the busiest in the country. *See White v. Am. Family Mut. Ins. Co.*, No. 119-cv-04370-JMS-DLP, 2020 WL 1905470, at *12 (S.D. Ind. Apr. 17, 2020) ("This Court is the second busiest district in the country as measured by weighted filings per judgeship."). Moreover, the Court recruited counsel for Mr. Peacher even though his education and litigation experience weighed against it. Recruited counsel spent time apart from the merits of this case to respond to the motion for sanctions, talk to Mr. Peacher, advise him of the consequences of giving false testimony, and draft and file affidavits. "The valuable help of volunteer lawyers is a limited resource. It need not and should not be squandered on parties who are unwilling to uphold their obligations…" *Dupree v. Hardy*, 859 F.3d 458, 462 (7th Cir. 2017). Mr. Peacher put recruited counsel in an untenable position of having to do their best to represent him while strong evidence discrediting his testimony was in play.

The Court has considered a financial sanction as an alternative to dismissal, but because Mr. Peacher is proceeding *in forma pauperis* in this case, that would be ineffective. *Secrease,* 800 F.3d at 402. The Court has considered imposing a restriction preventing Mr. Peacher from filing future cases, but will not go that far at this time. The Court finds it appropriate and necessary to impose a serious sanction, nonetheless. Accordingly, the defendants' motion for sanctions, dkt. [233], is **granted.**  This action is **dismissed with prejudice**. The State Defendants' motion to join the motion for sanctions, dkt. [236], is **granted.** The plaintiff's motion for preliminary injunctive relief, dkt. [226], is **denied as moot.**

Judgment consistent with this Entry shall now issue.

The Court greatly appreciates the efforts of recruited counsel, Christopher Starkey and Tyler Brant, in this case.

**IT IS SO ORDERED.**


Date:    4/30/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana



Distribution:

ROBERT PEACHER
DOC # 881627
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Tyler E. Brant
BROWN, DEPREZ & JOHNSON
tylerbrant@shelbylaw.com

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL
Benjamin.Ellis@atg.in.gov

Christopher Kenneth Starkey
STARKEY LAW OFFICES
starkeyck@msn.com

Jarod Zimmerman
KATZ  KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com